DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Medical Mutual of Ohio, appeals from the trial court's grant of summary judgment in favor of Appellee, Community Health Partners. This Court affirms.
 I. {¶ 2} Roger Kinnison received medical care at Appellee's hospital from December 10, 2000 through December 13, 2000. At the time of his care, Kinnison had health insurance through Appellant. Under the contract between Appellant and Appellee, Appellee was to receive $2,400 for the services provided to Kinnison. On March 9, 2001, Appellant paid the full amount to Appellee. On September 7, 2001, Appellant allegedly sent Kinnison a letter requesting any information regarding additional coverage that he may have had, including Medicare. Kinnison responded that he did have Medicare coverage for the time he was hospitalized. Appellant received notice of the existence of Kinnison's Medicare coverage on September 28, 2001, and realized that Medicare was the primary payor on Kinnison's account.
 {¶ 3} On March 18, 2003, Appellant recovered the $2,400 payment from Appellee. Following Appellant's recovery of the payment, Appellee sought to have Medicare pay the costs of Kinnison's care. Medicare declined to pay the claim because it had been untimely filed. As a result, Appellee filed suit against Appellant on October 2, 2003. In the first count of its complaint, Appellee alleged that Appellant had violated the provision of the Revised Code which determined when payments for health care expenses became final. In its second count, Appellee alleged that Appellant had committed the tort of negligent misrepresentation.
 {¶ 4} Following discovery, Appellee moved for summary judgment, asserting that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Appellant responded in opposition to the motion, and ultimately the magistrate found that Appellee was entitled to judgment. Appellant did not timely object to the magistrate's decision, but the trial court granted Appellant leave to file objections. Following Appellee's response to the objections, the trial court overruled each of Appellant's objections, dismissed the first count of Appellee's complaint, and entered judgment in Appellee's favor on its claim of negligent misrepresentation in the amount of $4,285.90. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO [APPELLEE] IN ITS FEBRUARY 28, 2005 ORDER BECAUSE NEGLIGENT MISREPRESENTATION WAS NOT ESTABLISHED AS A MATTER OF LAW, AND GENUINE ISSUES OF MATERIAL FACT EXISTED."
 {¶ 5} In its sole assignment of error, Appellant contends that the trial court erred in granting summary judgment in favor of Appellee on its claim of negligent misrepresentation. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} In support of its motion for summary judgment, Appellee supplied the affidavit of its Director of Financial Services, Jeff Popp. In addition, Appellee relied upon the billing statements and receipts generated from Kinnison's health care and upon Appellant's answers to interrogatories. In response to Appellee's motion, Appellant attacked the evidence supplied by Appellee. Specifically, Appellant asserted that the documents provided by Appellee were not proper under Civ.R. 56 and that Popp's affidavit contained improper hearsay evidence. The magistrate disagreed with Appellant's position and granted Appellee's motion. Upon review, we find that Appellant's challenges to the evidence introduced by Appellee do not warrant reversal.
 {¶ 10} Appellant first asserts that Popp's affidavit contains speculative information which the trial improperly considered. Specifically, Appellant asserts that Popp cannot know the amount that Medicare would have paid had the claim been timely filed and that Popp cannot know the statements that were made during a phone call in which he did not participate. We find that both of Appellant's assertions lack merit. Popp's affidavit established that he was the Director of Financial Services for Appellee. In that capacity, he had access to the files regarding the Kinnison-Medical Mutual of Ohio matter. In his affidavit, Popp swore that he had personal knowledge of the amount owed by Medicare for the services provided to Kinnison. Appellant has not presented any argument that would lead to even an inference that Popp was not familiar with the coverage and payment structure Appellee had with Medicare.
 {¶ 11} The alleged hearsay information contained in Popp's affidavit of which Appellee complains contains no operative facts that were in dispute. There is no question that Appellant paid Kinnison's expenses. We find that Appellant's payment clearly establishes that Appellant, believing that it was responsible as the primary payor, communicated that it was primarily responsible for payment on Kinnison's account. See Evid.R. 801(A)(2) (defining "statement" as "nonverbal conduct of a person, if it is intended by him as an assertion"). As such, the fact that Appellant did not state verbatim that it was the primary payor on the account is immaterial. In light of all the attending circumstances, Appellant's actions communicated its belief that it was primarily responsible for payment.
 {¶ 12} Appellant additionally challenges the exhibits attached to Appellee's motion for summary judgment. Again, however, the material information contained in those exhibits has never been contested by Appellee. Specifically, each of the operative facts discussed in the trial court's opinion can be found in Appellant's answers to interrogatories, answers which were properly considered by the trial court. Appellant's challenges to the nature of the evidence produced by Appellee, therefore, are without merit.
 {¶ 13} A claim of negligent misrepresentation lies against a party "who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions * * * if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delman v. Cleveland Heights
(1989), 41 Ohio St.3d 1, 4. If a lack of reasonable care was utilized in ascertaining the facts surrounding the representation, even a representation made with an honest belief that it is true may be deemed negligent. Martin v. Ohio StateUniv. Foundation (2000), 139 Ohio App.3d 89, 104. However, "[t]he question of whether or not the actor used reasonable care in obtaining or communicating the information is one for the jury, unless the facts are so clear as to permit only one conclusion." Marasco v. Hopewell, 10th Dist. No. 03AP-1081, 2004-Ohio-6715, at ¶ 53, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment e.
 {¶ 14} In the instant matter, we find that the facts presented permit only one conclusion. The parties do not dispute that Appellant initially believed that it was the primary payor of Kinnison's expenses. While Appellant asserts that it never stated that it was the primary payor, this Court is not persuaded by such an argument. As noted above, Appellant's action of paying the claim communicated its belief that it was the primary payor on the account. There is also no dispute that Appellee relied upon Appellant's action by closing the account and not timely pursuing a claim with Medicare.
 {¶ 15} Appellant's answers to interrogatories admit that Kinnison had Medicare coverage beginning on November 1, 1999. Appellant also admitted that its coverage was secondary to Medicare as of November 1, 1999. Finally, Appellant admitted that it was not aware that its coverage was secondary until September 28, 2001, more than six months after Appellant had acted as the primary payor of Kinnison's health care expenses. Appellant urges that the letter it sent to Kinnison in September requesting information about his additional coverage was improperly admitted by the trial court. We find, however, that the letter is not relevant to the resolution of Appellee's claim. The trial court was presented with undisputed evidence that Appellant did not discover for more than six months that its coverage was secondary to Medicare.
 {¶ 16} Appellant is correct in its assertion that a cause of action for negligent misrepresentation does "not lie for omissions; there must be some affirmative false statement."Textron Financial Corp. v. Nationwide Mut. Ins. Co. (1996),115 Ohio App.3d 137, 149. Accordingly, this Court will not consider that Appellant waited 18 months after discovering that its coverage was secondary to recover its payment. By Appellant's own admission, however, its coverage was secondary to Kinnison's throughout the time period involved in this litigation. Accordingly, Appellant's communication via payment of Kinnison's expenses constituted the false statement necessary for a claim of negligent misrepresentation. In addition, Appellee's motion for summary judgment indicated that Appellant had performed no action to verify the status of Kinnison's coverage before paying Appellee. In its response, Appellant did not dispute this fact, admitting that it did not learn that its coverage was secondary for more than six months. Accordingly, the trial court did not err in finding that Appellant had failed to "[use] reasonable care in obtaining" the false information it conveyed to Appellee.[1] Marasco, supra, at ¶ 53.
 {¶ 17} Appellee provided the trial court with undisputed evidence for each of the elements of its claim. In response, Appellant provided the trial court with no evidence, thus failing to meet its reciprocal Dresher burden. Dresher,75 Ohio St.3d at 293. The trial court, therefore, did not err in granting Appellee's motion for summary judgment. Appellant's assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the Lorain Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., concur.
[1] While Appellant repeatedly asserts that the statements it made to Appellee were true at the time they were made, Appellant's own admissions demonstrate that it was never the primary payor on Kinnison's account.